IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JABARI DOZIER,   #231703,         ) | |
| ) | CIVIL ACTION NO. 3:08-3371-PMD-JRM |
| Petitioner,    ) | |
| ) | |
| v.                                          ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN LEE                        ) | |
| CORRECTIONAL INSTITUTION,  ) | |
| ) | |
| Respondent.   ) | |
| _____) | |

Petitioner, Jabari Dozier ("Dozier"), is an inmate with the South Carolina Department of Corrections ("SCDC") . On October 3, 2008, he filed a *pro se* petition for writ of habeas corpus[1] challenging a finding of guilty to an institutional infraction by a Disciplinary Hearing Officer ("DHO").[2] Dozier filed a motion for partial summary judgment on December 24, 2008. Respondent filed a motion for summary judgment on January 12, 2009. Because Dozier is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 15, 2009, explaining to Dozier his responsibility to respond to the motion for summary judgment. Dozier filed

---

[1] The petition is on the form provided to inmates who wish to challenge their conviction or sentences pursuant to 28 U.S.C. § 2254. The Fourth Circuit has recognized the existence of a split of authority as to whether § 2241 or § 2254 is the appropriate vehicle for an inmate to challenge the execution of his sentence. *See* Crowe v. South Carolina Department of Corrections, 2008 WL 4831484 (D.S.C.) citing Gregory v. Coleman, 218 Fed.App. 266 (4th Cir. 2007) (unpublished).

[2] This case was automatically referred to the undersigned for pretrial matters pursuant to Local rule 73.02(B)(2)(c) and (e).

1

responses on February 19, 2009 and April 2, 2009.

## Background and Procedural History

Dozier was convicted of car-jacking, armed robbery, financial transaction card fraud, and possession of a weapon during a crime of violence in Richland County. His projected release date is October 29, 2009.

On December 17, 2007, Dozier was charged with a violation of SCDC policy involving sexual misconduct by Sgt. M. McFadden. The matter was referred to the DHO for disposition. (*See* Res.Mem., Ex. 1). The DHO, Sharon Patterson, used SCDC's standard form, "Disciplinary Report and Hearing Record." (Pet.Mot. For Partial Sum.Jud., Ex. A). The form shows that Dozier was given written notification of the charge on December 20, 2007, and advised of his rights in connection with the hearing. The hearing was held on January 14, 2008. Dozier was found guilty and lost ninety (90) days of "good time credits" and other privileges, and was subject to five hundred (500) days of disciplinary detention and required to wear a pink jumpsuit. *(Id.)*

The form provides a space for the DHO to state, if the inmate is found guilty, "evidence presented considered and reasons for determination of guilt", and offers four (4) specific options: "(A) admission of guilt; (B) officer's report; (C) witness testimony; (D) other." In the space provided the DHO stated "(B) officer's report" as the evidence of Dozier's guilty. As discussed below, Dozier asserts that the listing of "officer's report" is constitutionally insufficient.

Dozier sought review of the DHO's decision as required by SCDC grievance policy. He filed a Step 1 Grievance which was denied by the Warden, with the exception of a reduction in days of disciplinary detention, on February 19, 2008. (REs.Mem., Ex. 3). He then filed a Step 2 Grievance with the Institutional Grievance Coordinator ("IGC") on February 20, 2008. The grievance was

denied by the IGC on October 15, 2008. (Res.Mem., Ex. 4).

While the Step 2 Grievance was pending, Dozier filed a "Notice of Appeal and Writ of Mandamus" with the South Carolina Administrative Law Court ("ALC") on August 5, 2008. (Res.Mem., Ex. 5). The appeal was dismissed by the ALC on August 25, 2008. The present petition was filed on October 3, 2008, prior to denial of Dozier's Step 2 Grievance by the IGC.

## Grounds for Relief

In his present petition Dozier asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**  Written Statement/Prison Disciplinary summary did not meet Constitutional requirements;

**Ground Two:**  Previously requested documentary evidence was denied as well as continuance needed to obtain pertinent documents.

## Discussion

### 1. Exhaustion

Respondent asserts that the petition should be dismissed because Dozier did not completely exhaust his state remedies. The undersigned disagrees.

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276 (1976).

In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme

Court addressed and differentiated state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The Supreme Court in Al-Shabazz provides a different path for inmates who wish to seek review of "not-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[3] *Id.* at 754. Judicial review of the ALJD decision is obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756.

Dozier attempted to follow the roadmap established by Al-Shabazz, but was stymied because SCDC did not follow its regulations rendering the grievance process unavailable.[4]

The above discussion of Dozier's efforts to exhaust his state remedies through the grievance procedure is based on the records supplied by the Respondent. Respondent has not addressed Dozier's argument that SCDC policy requires the grievance procedure to be completed within one hundred and eighty (180) days, and if it is not then exhaustion is satisfied. Further, Respondent has

---

[3]The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq.* It is now called the Administrative Law Court ("ALC").

[4]*See* Mattress v. Taylor, 2007 WL 30332 (D.S.C.) (addressing exhaustion of SCDC grievance procedures under the Prison Litigation Reform Act in a § 1983 action and finding that exhaustion complete because SCDC did not timely respond to plaintiff's grievance).

not provided a copy of SCDC's regulations.

It appears that Dozier's argument is valid. In Garrett v. Burtt, 2006 WL 2171114 (D.S.C.) the court considered the exhaustion requirement in a habeas action relating to an SCDC inmate who challenged the calculation of his sentence concerning earned work credits and good time credits. In Garrett, the court quoted SCDC Policy GA-01.12:

> [G]rievances will be processed from initiation to final disposition within 105 days except when the Chief/designee, Inmate Grievance Branch, specifically agrees to a request for an extension. If an extension is granted, the Inmate Grievance Coordinator will notify the inmate in writing. (NOTE: the maximum extension that may be given is 75 days. Under no circumstances will the grievance process exceed 180 days).

Based on this policy and the failure of SCDC to comply with it, Magistrate Judge Catoe found that summary judgment was inappropriate because SCDC interfered with the petitioner's ability to exhaust his administrative remedies because it failed to comply with its police and respond to his grievance in a timely fashion.

In the present case, Dozier sought judicial review after the one hundred and eighty (180) days had passed with no response to his Step 2 Grievance. The ALC rejected Dozier's case because no final resolution had been made as to the Step 2 Grievance. This scenario creates a situation which renders the grievance process unavailable to inmates. SCDC could indefinitely fail to resolve a grievance (in contradiction of its own policies) and the inmate would be precluded from judicial review.

**2. Minimal Due Process**

In Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974), the Supreme Court found that inmates were entitled to minimal due process protections in connection with prison disciplinary hearings where they might lose good time credits toward their release. The Court found that an inmate must

5

be afforded: (1) advanced written notice of the alleged institutional infraction; (2) the right to call witnesses and present documentary evidence if institutional safety will not be jeopardized; and (3) a written statement by the hearing officer indicating the evidence upon which the disciplinary finding was based and the reasons for the action taken.

Dozier argues that his right to due process was denied because the DHO did not include a statement of the evidence relied upon in finding a violation but merely indicated reliance upon "officer report." He has moved for partial summary judgment on this ground. As noted above, the Incident Report filled out by Sgt. McFadden provides a factual recitation which, if found credible, is fully sufficient to support the alleged violation. The Disciplinary Report and Hearing Record complies with the dictates of Wolff. It describes the evidence relief upon (the narrative of the Incident Report), and the reason for the action taken ("Nature of offence. Extensive history of 822 [sexual misconduct] charges."). Even if the DHO did not follow SCDC policy as Dozier argues, such a failure does not demonstrate a violation of due process.

### 3. Documentary Evidence

Dozier asserts a denial of due process based on SCDC's failure to produce documentary evidence in advance of his hearing before the DHO. According to Dozier, he requested a counsel substitute ("CS") and also sent the DHO a request for documents well before the hearing.[5] However, in the denial of the Step 2 grievance, the IGC found that Dozier did not comply with SCDC policy

---

[5] A copy of a handwritten "Request to Staff" is attached to Dozier's opposition memorandum filed February 19, 2009. In that request he sought log books, cell check log, and the SMU Evaluation Sheet for the date of the incident.

by requesting the documents prior to the hearing.[6]

As noted above Wolff provides an inmate limited opportunity to present witnesses and documentary evidence at a disciplinary hearing. The limitation is necessary to balance institutional security and correctional goals with the rights of the inmate. Wolff, 418 U.S. at 566. Prison officials have broad discretion to keep disciplinary hearings within "reasonable limits" and to restrict the compilation of documents in preparation for the hearing based on relevance or institutional security on a case by case basis. *Id.*

It appears that SCDC Policy OP-22.14 allows an inmate to submit a "Request to Staff Member" to the DHO or CS for documents prior to the disciplinary hearing. (Res.Mem., Ex. 4). Dozier argues that he sent a "Request to Staff" to the DHO prior to the hearing, but he has not presented any evidence that it was received by the DHO prior to the hearing. The IGC, presumably with access to the audio tape of the hearing, concluded that Dozier provided his CS the Request to Staff at the hearing. *Id.* Therefore, the undersigned concludes that Dozier has not shown that his limited right to present documentary evidence was violated.

## Conclusion

Based on a review of the record, it is recommended that Petitioner's motion for partial

---

[6] Interestingly Dozier has moved to conduct discovery in this case, but does not seek the documents he claims he wanted for the hearing before the DHO. Instead, he seeks production of the tape recording of the hearing, or a transcript therefore, and copies of SCDC policies. Respondent states there is no transcript, but that Dozier may listen to a copy of the audio tape and gain access to various SCDC policies in the institutional library. The motion to compel is denied by separate order.

summary judgment be **denied**, and Respondent's motion for summary be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 26, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).