# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabari Dozier, #231703, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 3:08-3371-PMD-JRM |
| v. ) | |
| ) | |
| Warden, ) | **ORDER** |
| Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon Petitioner Jabari Dozier's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondent's Motion for Summary Judgment be granted and that his Motion for Partial Summary Judgment be denied. Also before the court is Respondent's Objections to the Magistrate Judge's R&R. Having reviewed the entire record, including Petitioner's and Respondent's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND & PROCEDURAL HISTORY

Petitioner is an inmate at the Lee Correctional Institute, and he has filed a *pro se* petition for writ of habeas corpus challenging a finding of guilty to an institutional infraction by a Disciplinary Hearing Officer. Petitioner was convicted of car-jacking, armed robbery, financial transaction card fraud, and possession of a weapon during a crime of violence in Richland County. His projected release date is October 29, 2009.

On December 17, 2007, Sergeant M. McFadden charged Petitioner with a violation of SCDC policy involving sexual misconduct. The matter was referred to the Disciplinary Hearing Officer for disposition, and the hearing officer used SCDC's standard form, "Disciplinary Report and Hearing Record." The form shows that Petitioner was given written notification of the charge on December 20, 2007, and advised of his rights in connection with the hearing. The hearing was held on January 14, 2008, and Petitioner was found guilty and lost 90 days of "good time credits" and other privileges, and was subject to 500 days of disciplinary detention and required to wear a pink jumpsuit. (Pl Mot. for Partial Summ. J., Ex. A.) The form also provides, "IF GUILTY, EVIDENCE PRESENTED CONSIDERED AND REASONS FOR DETERMINATION OF GUILT: (A) ADMISSTION OF GUILT; (B) OFFICER'S REPORT; (C) WITNESS TESTIMONAY; (D) OTHER. EXPLAIN IN DETAIL." In the space provided, the hearing officer wrote "(B) officer's report" as the evidence of Petitioner's guilt. Petitioner asserts that only listing "officer's report" is constitutionally insufficient.

In his petition before the court, Petitioner asserts that he is entitled to a writ of habeas corpus on the following grounds:

Ground One: Written Statement/Prison Disciplinary Summary did not meet constitutional requirements.

Ground Two: Previously requested documentary evidence was denied as well as continuance needed to obtain pertinent documents.

**STANDARD OF REVIEW**

I. **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's

report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is

'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

### I. Disciplinary Report and Hearing Record

Petitioner's first ground for relief is based on his contention that the hearing officer violated his right to due process by only listing "(B) officer's report" on his hearing form instead of setting forth the specific evidence she relied on in finding Petitioner guilty of sexual misconduct, and he has moved for partial summary judgment on this ground. In moving for summary judgment as to this ground for relief, Petitioner contends, "It is unfair and unconstitutional to simply incorporate the charging employee's report by reference, while failing to point out the essential facts, in which inference were based. . . . The summary merely referred to the statement of the witnessing officer and the fact confirmed through the investigator's report." (Pl. Mot. for Partial Summ. J. at 4–5.) Petitioner also asserts, "If guilt is simply based on the "officer's report," it could be inferred that the charging employee did vicariou[s]ly produce the verdict; but if the [Disciplinary Hearing Officer] points out the essential fact relied upon with the report, those fact would indicate that an independent assessment had been made." (*Id.* at 6.) Respondent also moved for summary judgment on this ground, and the Magistrate Judge recommended denying Petitioner's Motion for Partial Summary Judgment and granting Respondent's Motion for Summary Judgment. The court agrees with the Magistrate Judge's recommendation; therefore, it is adopted.

In *Wolff v. Mcdonnell*, the United States Supreme Court held that a state may create a liberty interest on the part of inmates in the accumulation of good-conduct time credits, 418 U.S. 539, 557 (1974); therefore, if disciplinary action would inevitably affect the duration of the inmate's confinement, a liberty interest would be recognized. In so finding, the Court stated:

> We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.
>
> We also hold that there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action.

418 U.S. 539, 564–65 (1974) (internal quotation omitted). The court does not find that the disciplinary hearing officer violated Petitioner's due process rights by merely choosing to incorporate by reference the charging officer's incident report in her Disciplinary Report and Hearing Record rather than rewriting it. Sergeant McFadden's report specifically states:

> While conducting a security check of SMU North Wing, I, Sgt. McFadden, approached Cell #9 I/M Dozier, Jabari, #231703 standing facing the cell door with his penis fully exposed in his right hand moving it in a back and forth motion looking at me. I, Sgt McFadden, gave I/M Dozier a directive to stop his negative behavior. He refused. I/M Dozier, Jabari, #231703 being written up for (822) sexual misconduct.

(Resp. Mot. for Summ. J. Ex. 1.) This Incident Report describes the evidence relied upon in finding Petitioner guilty of sexual misconduct and the Disciplinary Report and Hearing Record also provides the reason for the action taken, "Nature of offense. Extensive history of 822 [sexual misconduct] charges." While Petitioner contends in his Objections that the disciplinary hearing officer failed to state the evidence she relied upon and the reasons for her determination of guilt, the court does not find that the Disciplinary Report and Hearing Record violated any of Petitioner's constitutional rights and grants Respondent's Motion for Summary Judgment on this ground. Petitioner may have offered his verbal testimony as evidence, as he states in his

5

Objections, but the disciplinary hearing officer found Sergeant McFadden's account of the incident more credible and specifically noted that she relied on that evidence in finding Petitioner guilty of the disciplinary infraction.

## II. Documentary Evidence

Petitioner bases his second ground for relief on his contention that Respondent failed to produce documentary evidence in advance of his hearing before the disciplinary hearing officer in violation of his due process rights. In *Wolff*, the United States Supreme Court found that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. In his petition, Petitioner asserts that he "requested documentary evidence pursuant to policy requirements over 30 days prior to hearing, therefore [he] was entitled to pertinent documentary evidence needed to propound [his] case." To support his contention, Petitioner filed with the court on February 19, 2009, a completely handwritten request, in which he wrote "Request to Staff" at the top and dated December 21, 2007. The request asks for log books, cell check logs, and the SMU Evaluation Sheet for the date of the incident to be used at his disciplinary hearing. (Pl. Mem. in Opp. Ex. 4.)

This handwritten request; however, contains no stamp of receipt by the disciplinary hearing officer or any other SCDC official. Also contrary to Petitioner's assertion, this request could not have been submitted more than 30 days prior to his hearing since the hearing took place on January 14, 2008, and Petitioner did not submit the request until allegedly December 21, 2007. Finally, and also contrary to Petitioner's assertion, a SCDC Inmate Grievance Form Step 2 indicates that Petitioner did not submit his Request to Staff Member to the disciplinary

hearing officer or counsel substitute prior to his hearing on January 14, 2008, as required by SCDC policy; rather, the grievance officer indicated that Petitioner "provided [his] Request to Staff to [counsel substitute] Smith at the hearing on 1/14/08." Therefore, the court concludes that Petitioner has not shown that his limited right to present documentary evidence was violated.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Motion for Partial Summary Judgment is **DENIED**.[1]

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 8, 2009**
**Charleston, SC**

---

[1] Respondent objected to the Magistrate Judge's R&R on the ground that Petitioner failed to exhaust his administrative remedies prior to seeking relief in this court. Since the court dismisses Petitioner's petition on other grounds, the court does not address that objection.